UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ASHKAN RAJAEE and NASSIM RAJAEE,<br><br>Debtors.<br>_____<br><br>ASHKAN RAJAEE,<br><br>Appellant,<br><br>v.<br><br>TYLER BRANDON DAVIS, TOPDEVZ, LLC, and CHRISTOPHER R. BARCLAY, Chapter 7 Trustee,<br><br>Appellees. | Case No.: 25-cv-3480-RSH-GC<br><br>(Appeal from S.D. Cal. Bankr. Case No. 3:24-bk-00617-CL)<br><br>**ORDER DISMISSING APPEAL**<br><br>[ECF Nos. 11, 14, 15, 16, 18, 30, 33, 34] |

Appellant Ashkan Rajaee ("Appellant" or "Rajaee") appeals from an October 29, 2025 order of the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court") denying Rajaee's motion seeking reconsideration of a sale order. ECF No. 1. The underlying case is *In re Ashkan Rajaee & Nassim Rajaee*, No. 3:24-bk-00617-CL (S.D. Cal. Bankr.) (the "Bankruptcy Case").

1

As set forth below, the Court dismisses the appeal pursuant to 11 U.S.C. § 363(m).

I.   **BACKGROUND**

The Court incorporates the description of the Bankruptcy Case contained in the Court's October 31, 2025 order denying one of Rajaee's previous bankruptcy appeals, Case No. 25-cv-667, ECF No. 23.

The instant appeal is one of Rajaee's numerous appeals pending in the U.S. District Court for the Southern District of California, each arising from an order entered in the Bankruptcy Case, including:

(1)   No. 25-cv-667-RSH-KSC (notice of appeal filed on Mar. 20, 2025; affirmed on Oct. 31, 2025)

(2)   No. 25-cv-777-BJC-JLB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 16, 2025)

(3)   No. 25-cv-778-BEN-DEB (notice of appeal filed on Mar. 28, 2025; appeal withdrawn on Apr. 4, 2025)

(4)   No. 25-cv-2850-RSH-JLB (notice of appeal filed on Sept. 24, 2025; affirmed on Apr. 23, 2026)

(5)   The instant appeal, No. 25-cv-3480-RSH-GC (notice of appeal filed on Oct. 30, 2025)

(6)   No. 25-cv-3260-RSH-GC (notice of appeal filed on Nov. 13, 2025; dismissed on Apr. 23, 2026)

(7)   No. 25-cv-3506-RSH-GC (notice of appeal filed Nov. 21, 2025; dismissed on Apr. 23, 2026)

(8)   No. 25-cv-3530-RSH-GC (notice of appeal filed Nov. 26, 2025; dismissed on Apr. 23, 2026)

(9)   No. 26-cv-76-RSH-GC (notice of appeal filed Dec. 23, 2025; dismissed on Apr. 23, 2026)

(10)   No. 26-cv-937-RSH-GC (notice of appeal filed Feb. 3, 2026; pending)

25-cv-3480-RSH-GC

(11)   No. 26-cv-2968-RSH-GC (notice of appeal filed Apr. 13, 2026; pending)[1]

To date, none of these appeals have been successful.

The instant appeal arises in connection with the Bankruptcy Court's July 30, 2025 order granting the Chapter 7 Trustee's motion pursuant to 11 U.S.C. § 363 to sell to creditor Tyler Brandon Davis the bankruptcy estate's rights in four legal proceedings as well as its membership interest in TopDevz, LLC ("TopDevz"). *See* Bankruptcy Case, Dkt. No. 543 at 2. In that order, the Bankruptcy Court as an initial matter rejected the argument made by Rajaee's wife that the appellate rights at issue could not be property of the bankruptcy estate:

> Debtor Nassim Rajaee contends that defensive appellate rights are not saleable estate property. But that is incorrect. *See In re Delannoy*, 2018 WL 4190874, at *5 (B.A.P. 9th Cir. Aug. 31, 2018), *aff'd*, 833 F. App'x 116 (9th Cir. 2020) (affirming trustee's sale of defensive appellate rights); *In re Mozer*, 302 B.R. 892, 896 (C.D. Cal. 2003) ("The right to appeal is … the [estate's] property under California's broad concept of property right. . . . Debtors' appellate rights, including the Defensive Appellate Rights, are saleable") (cleaned up); *In re Croft*, 737 F.3d 372, 377 (5th Cir. 2013); *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 232 (3d Cir. 2001).

*Id.* at 4.

The Bankruptcy Court then found that the sale reflected sound business judgment on the Trustee's part; that the sale terms were fair and reasonable; and that the sale was in the estate's best interest. *Id.* at 4-5. Because the assets at issue involved the estate's interest

---

[1]   Additionally, Rajaee has filed several civil lawsuits against one or more of the appellees in this case, including the following actions assigned to the undersigned: (1) *Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC (complaint filed Jan. 2, 2024; dismissed on Apr. 12, 2024); (2) *Rajaee v. Davis et al.*, No. 24-cv-549-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); (3) *Rajaee v. Davis et al.*, No. 24-cv-550-RSH-KSC (complaint filed Mar. 22, 2024; dismissed on Dec. 30, 2024); and (4) *Rajaee et al. v. Davis et al.*, No. 26-cv-80-RSH-GC (complaint filed Jan. 6, 2026; pending).

in legal proceedings, the Bankruptcy Court also specifically considered factors relevant to approving a compromise or settlement of claims under Federal Rule of Bankruptcy Procedure 9019. *See id.* at 6-7 (addressing factors set forth in *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377, 1380-81 (9th Cir. 1986)).

Finally, the Bankruptcy Court made an express finding pursuant to 11 U.S.C. § 363(m) that Davis was a good faith purchaser in the sale:

*§ 363(m): Good Faith Purchaser Finding*

Although not required for sale approval, another consideration is whether the buyer is a good faith purchaser. § 363(m). This requires that the buyer be an identifiable purchaser and one that gives value in the transaction. *In re Fitzgerald*, 428 B.R. 872, 882 (B.A.P. 9th Cir. 2010) (citing *In re R.B.B., Inc.*, 211 F.3d 475, 478–80 (9th Cir. 2000)); then citing (*In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992)). In determining value, the auction price is ordinarily assumed to approximate market worth when there is competition among a number of bidders. *In re Fitzgerald*, 428 B.R. at 883 (citing *Lahijani*, 325 B.R. at 289). But when competition is constrained – such as when the adversary in the underlying suit is the only interested purchaser – the price must be examined more carefully. *Id.* The BAP has further stated that:

Typically, lack of good faith is shown by "fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

*In re M Capital Corp.*, 290 B.R. 743, 746-47 (B.A.P. 9th Cir. 2003) (quoting *In re Ewell*, 958 F.2d 276, 281 (9th Cir. 1992)). A good faith finding "is to be determined by the trial court with findings based on evidence and that the safe harbor can be waived by omission to present such evidence." *In re Lahijani*, 325 B.R. at 284.

The Trustee requests a § 363(m) good faith purchaser finding (ECF No. 288). Debtor argues against this, alleging bad faith actions by the Trustee, Creditor Davis and others (ECF No. 323). The record shows otherwise. At the hearing, the Trustee confirmed that the sale was

25-cv-3480-RSH-GC

conducted at arm's length with counsel on both sides and that Creditor paid fair value. These statements, along with the fact that Trustee had no relationship to the buyer before this bankruptcy, were also in the Trustee's declaration (ECF No. 288, pg. 18–19). That is sufficient evidence to support a good faith finding. *Cf. In re Fitzgerald*, 428 B.R. at 880–81 ("nor did the [movant] submit a declaration or any other evidence supporting [the § 363(m) finding].") The court does not find Debtor's arguments about Creditor's financial status persuasive. (ECF No. 532). Whether Creditor is well monied is not a reason to reject a good faith purchaser finding.

Furthermore, the Trustee negotiated for $100,000 – above Creditor's initial $80,000 offer (ECF Nos. 217 & 288). Asking for an even higher price itself indicates no "fraud [or] collusion between the purchaser [and the] trustee"; *See In re M Capital Corp.*, 290 B.R. at 746–47. And it is impossible to advantage other overbidders since there were none. *See id.* Creditor is purchasing the rights for value and in good faith. *See id.* As described above, the court has closely scrutinized the price, given the possible lack of competition among buyers. *In re Fitzgerald*, 428 B.R. at 883 (citing *Lahijani*, 325 B.R. at 289). Accordingly, it finds Creditor to be a good faith purchaser under § 363(m).

*Id.* at 5-6.

On August 7, 2025, Rajaee filed a motion for reconsideration of this order. *See id.*, Dkt. No. 553. On October 29, 2025, the Bankruptcy Court denied the motion for reconsideration. *See id.*, Dkt. No. 627. Rajaee appeals from this denial. *See* ECF No. 1.

In connection with the appeal in this Court, on March 27, 2026, appellees Davis and TopDevz filed a motion to dismiss. ECF No. 11. That motion is fully briefed. *See* ECF Nos. 20, 29. The merits of the appeal have also been fully briefed. *See* ECF Nos. 6, 10, 28, 32. Rajaee has also filed a host of additional motions. *See* ECF Nos. 14, 15, 16, 18, 30, 33, 34.

## II.    DISCUSSION

"Section 363 of the Bankruptcy Code generally allows the trustee to use, sell, or lease property of an estate, other than in the ordinary course of business, after notice and a

hearing." *In re Berkeley Del. Ct., LLC*, 834 F.3d 1036, 1039 (9th Cir. 2016) (citing 11 U.S.C. § 363). Under Section 363(m), the validity of a sale of property cannot be challenged on appeal unless the sale was stayed pending appeal. *Id.* That subsection provides in full as follows:

> (m) The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, *unless such authorization and such sale or lease were stayed pending appeal*.

11 U.S.C. § 363(m) (emphasis added). This safe harbor upholding the validity of a sale is not merely incidental to a finding of good faith under Section 363(m); it is instead the very reason a party requests such a finding. "The requirement to seek a stay pending appeal only applies to purchases of estate property that were made in good faith, and is designed to protect the interest of good faith purchasers by guaranteeing the finality of property sales." *Id.* A bankruptcy court may also apply Section 363 to a sale of legal claims pursuant to a settlement approved under Rule 9019. *Id.* at 1040; *see also In re Mickey Thompson Ent. Grp.*, 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003) (applying section 363 to a proposed compromise).

Here, the Bankruptcy Court expressly found—in the passage quoted at length above—that Davis was a good faith purchaser pursuant to 11 U.S.C. § 363(m). *See* Bankruptcy Case, Dkt. No. 543 at 5-6. Rajaee did not seek a stay pending appeal. The sale thereafter closed on August 14, 2025. ECF No. 10-1, Supplemental Excerpts of Record ("SER") at 403.

On appeal, Rajaee reiterates the assertion that appellate rights cannot be property of a bankruptcy estate. ECF No. 6 at 10, 50. However, he makes this assertion in a conclusory manner without argument or support, and altogether fails to address the Bankruptcy Court's

6

25-cv-3480-RSH-GC

reasoning or authority. This Court likewise rejects Rajaee's assertion for the reasons stated by the Bankruptcy Court.

Rajaee also argues that Davis was not a "good faith purchaser" because he engaged in "misconduct." ECF No. 6 at 16; ECF No. 32 at 21. Rajaee's allegations of misconduct in this regard are well known to this Court—Rajaee having made such allegations time and time again in his lawsuits and bankruptcy appeals—and pertain to a business dispute between Rajaee and Davis that resulted in a Superior Court judgment of August 15, 2023 that Rajaee calls the "Void San Diego Judgment" or "VSDJ" for short. *See, e.g.*, ECF No. 6 at 11. But these allegations simply have no bearing on the Bankruptcy Court's analysis under Section 363(m), or its findings that the Trustee's sale to Davis was conducted at arm's length and that Davis paid fair value. This Court is not required to rehear the merits of Rajaee's state-court dispute as a precondition to determining that Rajaee's failure to seek a stay pending appeal bars this appeal under 11 U.S.C. § 363(m).

Rajaee's remaining arguments, including a familiar attempt to relitigate his state-court defeat under the guise of a bankruptcy appeal, are likewise without merit.

In light of this disposition, the motion to dismiss filed by Davis and TopDevz seeking the same relief is moot. ECF No. 11. The Court also denies Rajaee's motions seeking to dismiss adverse parties from Rajaee's own appeal, disqualify their attorneys, or transfer the appeal to the Bankruptcy Appellate Panel because the Trustee should not be a party to Rajaee's appeal. ECF Nos. 14-16, 18. Appellees are clearly proper parties to Rajaee's appeal and as such were entitled to elect district court review of the appeal. *See* 28 U.S.C. § 158(c)(1)(B). The Court takes note of the arguments raised in Rajaee's proposed sur-reply brief, but in light of the analysis herein, denies that motion as well. ECF No. 30. The Court also denies Rajaee's recently filed motions to strike as repetitive and meritless. ECF Nos. 33, 34.

//

//

25-cv-3480-RSH-GC

### III.    CONCLUSION

For the foregoing reasons, the appeal is **DISMISSED** pursuant to 11 U.S.C. § 363(m). The motion to dismiss filed by Davis and TopDevz [ECF No. 11] seeking the same relief is **DENIED** as moot. Rajaee's motions [ECF Nos. 14, 15, 16, 18, 30, 33, 34] are **DENIED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated: May 21, 2026

Hon. Robert S. Huie
United States District Judge

8

25-cv-3480-RSH-GC